## 11210.  HINES, director-general, v. McWHIRTER.

The evidence was sufficient to show liability on the part of the Seaboard Air-Line Railway Company for loss of the plaintiff's trunk, for which its baggage-check had been issued to her by the Atlanta Terminal Company in exchange for a baggage-check of the Southern Railway Company.

The charge of the court that if the trunk was lost while in the possession of the Atlanta Terminal Company, and if that company was then acting as agent of the Seaboard Air-Line Railway Company in handling passengers and baggage, the plaintiff should recover, was not erroneous as depriving the defendant of the defense that the trunk was lost by the terminal company as the agent of the Southern Railway Company and not of the Seaboard Air-Line Railway Company.

The instructions as to the burden of proof were not subject to the exceptions taken.

DECIDED JANUARY 27, 1921.

Action for damages; from Madison superior court — Judge W. L. Hodges.  November 29, 1919.

The court charged the jury: " I charge you that if the trunk in question was lost or destroyed while in the possession of the Atlanta Terminal Company, and that said Atlanta Terminal Company was acting at the time of such loss or destruction of such trunk as agent for the defendant Seaboard Air-Line Railroad Company in handling of passengers and baggage, then I charge you that the plaintiff should recover in this case the value of such property lost or destroyed, and that you should so find by your verdict." It was alleged that this instruction was error because the terminal company was the agent of the Southern Railway Company as well as of the Seaboard Air-Line Railway Company in the handling of passengers and baggage, and the defendant contended that the trunk never came into the terminal company's possession as agent for the latter company, but was lost by the terminal company as the agent of the former company, and this in struction deprived the defendant of this defense.

The court charged: " On the other hand, if the defendant company has satisfied your mind that the trunk was never delivered to it, then the plaintiff in this case would not be entitled to recover any sum whatever." It was alleged that this instruction placed upon the defendant a higher burden of proof than is imposed by law; that " it required the defendant to satisfy the minds of the jury that the defendant never received the trunk, without

charging that the defendant should show by the preponderance of evidence that it never received the trunk."

A similar assignment of error was made as to the following extract from the charge: "As stated above, when the plaintiff presents a baggage check given to her by the defendant company, then that makes out a prima facie case, and she would be entitled to recover of the defendant company if there is no other evidence introduced. The burden is then shifted to the defendant to show that the baggage was never delivered to it, or that it never lost or destroyed it."

*Berry T. Moseley, Erwin, Erwin & Nix,* for plaintiff in error.
*Clarence E. Adams,* contra.

LUKE, J. 1. This action was against the director-general of railroads, based upon alleged negligence of the Seaboard Air-Line Railway Company. It appears from the evidence that on June 4, 1918, the plaintiff purchased from the Southern Railway Company's agent at Dunwoody, Ga., a ticket for transportation to Atlanta, Ga., and delivered to him her trunk, for which she received the company's baggage-check; that the trunk was delivered to the Atlanta Terminal Company, which was the baggage agent of the said railway company; that on the following day (June 5, 1918) the plaintiff purchased from the agent of the Seaboard Air-Line Railway a ticket from Atlanta, Ga., to Comer, Ga., and surrendered the baggage-check to the Atlanta Terminal Company for one of the Seaboard Air-Line Railway from Atlanta to Comer, Ga., and that she never received back the trunk. It appears from the evidence that the Atlanta Terminal Company was acting as the agent of the Seaboard Air-Line Railway in the issuance of its baggage-check, as well as agent of the Southern Railway Company in receiving the original baggage-check. This is shown by the contract existing between the various railroads coming into the Atlanta Terminal Station. The verdict in favor of the plaintiff was not without evidence to support it.

2. We have examined all the assignments of error, and find no error requiring a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*